

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2006

# In Re Kovalchick

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re Kovalchick " (2006). *2006 Decisions.* Paper 1035.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1035

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-210                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2083
_____

IN RE: PETER KOVALCHICK,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States Bankruptcy Court for the Eastern District of Pennsylvania
(Related to Adversary No. 06-ap-50006)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
April 27, 2006

BEFORE: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed: May 26, 2006)

_____

OPINION
_____

PER CURIAM

Peter Kovalchick seeks mandamus relief from this Court regarding a matter in the

United States Bankruptcy Court for the Middle District of Pennsylvania. In particular,

Kovalchick asks this Court to compel the Bankruptcy Judge to act on a motion to recuse

himself. Kovalchick also asked this Court to stay a hearing scheduled for April 6, 2006,

in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

Under the All Writs Act, 28 U.S.C. § 1651, we may issue a writ of mandamus only when it is necessary or appropriate in aid of our jurisdiction. See Allied Chemical Co. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). In this case, we decline to consider Kovalchick's requests for relief because he could have pursued in the District Court a direct challenge to matters in the Bankruptcy Court. See 28 U.S.C. §§ 158(a); 1651; see also In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (a writ of mandamus is not warranted where the petitioner has other adequate means of obtaining the desired relief).

However, even if we were to consider the mandamus petition and the request for a stay, we would deny them as moot. Although Kovalchick's recusal motion was pending at the time this mandamus petition was filed, the Bankruptcy Judge denied the motion the next day. With respect to Kovalchick's request that we stay a Bankruptcy Court hearing scheduled for April 6, 2006, we note that, prior to the hearing, the Bankruptcy Judge postponed indefinitely all hearings, and ordered the parties to appear before him on April 26, 2006. Finally, because Kovalchick's claims are moot, it would not be in the interest of justice to transfer this matter to the District Court. See 28 U.S.C. § 1631.

For the foregoing reasons, we will deny Kovalchick's mandamus petition and his request for a stay.